UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LAWRENCE STEVENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:15-cv-00422-WTL-DKL |
| | ) | |
| CHARLES L. LOCKETT, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Based on the pleadings and the expanded record, the petition of Lawrence Stevens for a writ of habeas corpus challenging his conviction and enhanced sentenced imposed by the United States District Court for the Central District of Illinois must be denied. This conclusion rests on the following facts and circumstances:

1.  On May 3, 2002, Stevens was charged by indictment with possession of five or more grams of cocaine base ("crack") with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (Count I), possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (Count II), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count III). Following a jury trial, Stevens was found guilty on all three counts. On January 3, 2004, Stevens was sentenced to life imprisonment on Count III. The

court further sentenced Stevens to a term of 327 months on each of Counts I and II to be served concurrently with the life term on Count III. Stevens appealed and the Seventh Circuit affirmed. *See United States v. Stevens,* 380 F.3d 1021 (7th Cir. 2004).

2. Stevens now challenges his conviction and sentence, invoking 28 U.S.C. § 2241(c)(3).

3. A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The requirements of 28 U.S.C. § 2255(e) are that a habeas petitioner (1) must rely on a new, retroactive case not available when he moved under 28 U.S.C. § 2255 that (2) interprets a statute in a way that (3) decriminalizes the crime of conviction. *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

4. Stevens filed a motion for relief pursuant to 28 U.S.C. § 2255 in the trial court following the completion of his direct appeal. (In his habeas petition, Stevens denies having filed a § 2255 motion, but admits in his reply to having done so.) That § 2255 motion, which had been docketed as No. 05-2184, was denied on the merits in a written decision issued on February 15, 2007. His bid to file a second or successive motion for relief pursuant to 28 U.S.C. § 2255 was denied.

5. There are two claims in Stevens' habeas petition. One is that there was an error in his sentence. He relies in support of this claim on *Alleyne v. United States,* 133 S. Ct. 2151, 2163-64 (2013), in which the Supreme Court held that "facts that increase mandatory minimum

sentences must be submitted to the jury" because when a finding by a sentencing judge "increase[s] the penalty to which the defendant [is] subjected," that fact must be "found by the jury beyond a reasonable doubt" to comply with the Sixth Amendment. "This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt." *Id.* at 2156 (plurality opinion). His reliance on *Alleyne* is misplaced, however, because the Seventh Circuit has concluded that *Alleyne* does not apply retroactively. *Poe v. LaRiva*, 834 F.3d 770, 773 (7th Cir. 2016).

6. Stevens' second claim is that a witness for the government at trial has recanted his testimony. In light of all the circumstances, this claim is exceedingly weak. The merits cannot properly be reached here, however, because the requirements for resort to the Savings Clause of § 2255(e) have not been satisfied. The § 2255 action Stevens filed in the trial court provided him with all the opportunity the law contemplates. His motion was denied. Despite his dissatisfaction with the outcome, he is not entitled to use § 2241 for another bite at the post-conviction apple. *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."). As one district judge has explained:

> The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.

*Irwin v. Fisher*, 2009 WL 1954451, *3 (D.Minn. July 6, 2009); *see also Buford v. Superintendent,* 2008 WL 2783257, *4 (S.D.Ind. July 16, 2008)("The above circumstances show that Buford's § 2241 habeas claim *was* presented and rejected in an action pursuant to 28 U.S.C. § 2255 . . . that

Buford has not advanced a legal theory which establishes his actual innocence. . . . [and] that Buford has not carried his burden of showing that his § 2241 habeas claim can be considered here because § 2255 is inadequate or ineffective to test the legality of his detention.").

7. This action is also completely aligned with the analysis of Judge Caputo of the Middle District of Pennsylvania:

> The allegations of Mr. Santos' habeas petition do not suggest he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a petition under 28 U.S.C. § 2255 would be ineffective or inadequate. Clearly this is not a situation where Mr. Santos did not have a prior opportunity to raise the claims presented in his petition. Petitioner filed a motion pursuant to § 2255, raising many of the same claims. He may not file a § 2241 petition simply because he is dissatisfied with the results of his previous § 2255 petition. The remedy afforded under § 2241 is not intended as an additional, alternative, or supplemental remedy to that prescribed under § 2255. Thus, upon careful review, the representations of Felix Santos' present petition are simply insufficient to persuade the Court that 28 U.S.C. § 2255 would be either ineffective or inadequate to test the legality of his detention.

*Santos v. United States*, 2010 WL 181744, at *2 (M.D.Pa. Jan. 13, 2010). These are not new insights. "Something more than mere disagreement [with the previous habeas court] must be shown to justify a successive habeas petition." *Williams v. Lockhart,* 862 F.2d 155, 158 (8th Cir. 1988)(quoting *Walker v. Lockhart,* 726 F.2d 1238, 1250 (8th Cir.)(en banc)(Arnold, J., concurring), *cert. dismissed,* 468 U.S. 1222 (1984)); *Farrugia v. Warden, USP-Terre Haute*, No. 2:13-CV-104-WTL-MJD, 2015 WL 1565008, at *5 (S.D.Ind. Apr. 7, 2015).

8. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Stevens had that opportunity and used it. He is not entitled to more.

9. Based on the foregoing explanation, Stevens has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 2/14/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Lawrence Stevens
12867-026
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808